## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

MOUNTAIN VIEW HOSPITAL, L.L.C., an
Idaho limited liability company,

       Plaintiff,

   v.

SAHARA, INC., a Utah corporation; DAVIS
PARTNERSHIP, P.C., a Colorado
corporation; JOHN DOES 1-10,

       Defendants.

_____

SAHARA, INC., a Utah corporation,

       Cross Claim Plaintiff and
       Counterclaim Defendant,

   v.

DAVIS PARTNERSHIP, P.C., a Colorado
corporation,

       Cross Claim Defendant and
       Counterclaim Plaintiff.

_____

SAHARA, INC., a Utah corporation,

       Third-Party Plaintiff,

   v.

Case No. 4:07-cv-464-BLW

**ORDER ON SUMMARY
JUDGMENT MOTIONS**

THE BALLARD GROUP, a Colorado
corporation, UNITED TEAM
MECHANICAL, LLC, a Utah limited
liability company, E.K. BAILEY
CONSTRUCTION, INC., a Utah corporation,
and ENCOMPASS SERVICES
CORPORATION, a Utah corporation,

       Third-Party Defendants.

_____

UNITED TEAM MECHANICAL, LLC, a
Utah limited liability company,

       Counterclaim Defendant and
       Third-Party Plaintiff,

v.

BINGHAM MECHANICAL, INC., an Idaho
corporation; DIAMOND TEST &
BALANCE, INC., a Utah corporation; and
SIEMENS, an Idaho corporation,

       Third-Party Defendants.

       Before the Court are:  Motions for Summary Judgment by Defendant Encompass

Services Corporation (Encompass) (Dkt. 159), Third-Party Defendant The Ballard Group

(Ballard) (Dkt. 162), Third-Party Defendant Bingham Mechanical, Inc. (Bingham) (Dkt.

163), Third-Party Defendant E.K. Bailey Construction, Inc. (E.K. Bailey) (Dkt. 169),

Defendant Sahara, Inc. (Sahara) (Dkt. 225), Defendant Siemens Industry, Inc. (Siemens)

(Dkt. 257), Defendant United Team Mechanical, LLC (UTM) (Dkt. 292), and Defendant

Davis Partnership, P.C. (Davis) (Dkt. 297); Motions for Partial Summary Judgment by

Ballard (Dkt. 298), and Plaintiff Mountain View Hospital, LLC (Mountain View) (Dkt.

299); Motions to Strike by Encompass (Dkts. 280, 390), and Mountain View (Dkt. 352); and a Motion to Supplement (Dkt. 331) by Siemens.  The matters are fully briefed and at issue, and the Court heard oral argument on May 24, 2011.

The Court is aware of efforts by the parties to settle this matter, including a settlement conference that was set for September 26, 2011, as memorialized in a Notice entered by the Court on August 23, 2011 (Dkt. 396).  It is unclear whether the conference took place as scheduled.  The Court understands that the parties' ability to effectively mediate their disputes has undoubtedly been hindered by the lack of a decision from the Court on the ten pending motions for summary judgment, and that the mediation process will be aided by a decision on those motions.  Unfortunately, the complexity of the issues raised, the magnitude of the record, and the extent of the briefing, have combined with the Court's busy calendar and heavy docket to make it impossible to issue a decision within the Court's usual time standards for issuing its decisions.  And, the Court's calendar over the next week make it unlikely that a comprehensive decision can be issued for at least two more weeks.

Accordingly, the Court has decided that it will provide this order, ruling on the motions before it but with limited explanation as to the basis for the Court's decision.   In issuing this order, the Court has seriously and carefully considered each of the issues raised by counsel.   A more comprehensive Memorandum Decision and Order with the Court's detailed analysis of the issues will follow by October 17, 2011.  If the Memorandum Decision is not issued by this date, the Court will advise the parties of the

ORDER - 3

status of the decision by docket entry each Monday until the Memorandum Decision and Order is entered.

## SUMMARY OF DECISION BY ISSUE

The Court makes the following findings that will be more fully expressed in a Memorandum Decision to follow:

1.    Assignment of Design-Build Contract

   a.    The Design-Build contract was validly assigned to Mountain View; in any event, Sahara is estopped from asserting otherwise.   Accordingly, summary judgment will be granted to Mountain View and denied to Sahara on this issue.

   b.    Mountain View is not precluded form recovering attorney fees provided by the contract.  Sahara's motion for summary judgment on this issue will be denied.

2.    Indemnification of Encompass by UTM

   a.    Under Encompass's valid and unambiguous Contract Assumption Agreement with UTM, UTM must fully indemnify Encompass.  Summary judgment will therefore be granted to Encompass and denied to UTM on this issue.

   b.    The Bankruptcy Court's Orders were not inconsistent with the Contract Assumption Agreement.  Summary judgment on this issue will be granted to Encompass and denied to UTM.

   c.    UTM assumes Encompass's defenses as well as its liabilities.  UTM's motion for summary judgment on this issue will be granted.

    d.  Sahara is not precluded from bringing claims for indemnification and breach of warranty against Encompass.  Thus, Encompass's motion to dismiss Sahara's claims will be denied.  However, as noted below, those claims were discharged in bankruptcy.

    e.  The Court did not find it necessary to consider the Van Taylor Affidavit.  The motion to strike that affidavit will therefore be denied as moot.

3.    Discharge of Claims Due to Encompass's Bankruptcy

    a.  Sahara was not a known creditor, thus notice of Encompass's bankruptcy to Sahara by publication was sufficient, and Sahara's claims against Encompass were discharged in bankruptcy.  Encompass's motion for summary judgment on this issue will be granted; Sahara's claims against Encompass will be dismissed.

    b.  However, UTM's indemnification obligations, and its liability under Encompass's contracts, were not affected by Encompass's discharge because they were expressly approved by the Bankruptcy Court in the reorganization plan and therefore survived Encompass's discharge in bankruptcy.  Thus UTM's motion for summary judgment on this issue will be denied.

2.    Economic Loss Rule

    a.  The economic loss rule applies to Sahara's negligence claims against E.K. Bailey.  The motion for summary judgment by E.K. Bailey will be granted on this issue.

b.   The special relationship exception to the economic loss rule does not apply to Sahara, thus the economic loss rule applies to Mountain View's negligence claims against Encompass, Sahara, and Siemens, and those claims will be dismissed.  Motions for summary judgment by Sahara, Encompass, and Siemens will be granted on this issue.

c.   The Court did not find it necessary to consider declarations by Vincent or Erickson.   The motion to strike those declarations will be denied as moot.

3.   Statutes of Limitations for Breach of Contract Claims

a.   The statute of limitations for oral contracts does not apply.  Mountain View's motion for summary judgment on this issue will be denied.

b.   The statute of limitations for professional malpractice does not apply. Ballard's motion for summary judgment against Mountain View and Sahara will be denied on this issue.

c.   Mountain View timely filed its Complaint under the applicable statute of limitations.  Sahara's motion for summary judgment barring Mountain View's contract claims under the statute of limitations will be denied.

d.   Encompass's breach of contract claim against Bingham is barred under the statute of limitations.  Bingham's motion for summary judgment on this issue will be granted.

e.   Sahara's breach of contract claims against Encompass, UTM, and E.K. Bailey are barred under the statute of limitations; equitable estoppel is not satisfied. Summary judgment motions will be granted to Encompass, UTM, and E.K.

Bailey, and denied to Sahara, on this issue.  This does not preclude Sahara from seeking indemnification or contribution against these parties, but such claims would be limited to amounts Sahara is deemed to owe Mountain View.

f.  Disputed issues of fact remain regarding the nature of Mountain View's maintenance agreement with Siemens – specifically as to when the applicable statute of limitations accrued.  Siemens' motion for summary judgment will thus be denied on this issue.

4.    Statute of Limitations for Tort Claims

Sahara's negligence claims against Encompass and UTM are barred by the statute of limitations.  Summary judgment motions will be granted to Encompass and UTM, and denied to Sahara on this issue.

5.    Statute of Limitations for Indemnity and Contribution Claims

a.  Sahara's indemnity claims against UTM and E.K. Bailey have yet to accrue and are thus not barred by the statutes of limitations.  Motions for summary judgment will be denied to UTM and E.K. Bailey on this issue.  (Sahara's indemnity claim against Encompass, also not barred by the statute of limitations, was already found to have been discharged in bankruptcy.)

b.  Indemnity claims by UTM and Encompass against Bingham are not barred by the statute of limitations.  Motions for summary judgment by UTM and Encompass will therefore be granted on this issue.

6.    Waiver, Laches, and Estoppel

ORDER - 7

a.  Sahara has not asserted claims against Bingham, thus laches, waiver, and quasi-estoppel are not applicable.  Bingham's motion for summary judgment on this issue will be denied on this issue.

b.  Bingham has not established that quasi-estoppel or waiver apply to preclude UTM's or Encompass's claims for contribution and indemnity against Bingham.  Bingham's motion for summary judgment on these issues will also be denied.

c.  Disputed issues of fact remain whether laches applies to UTM's and Encompass's claims for contribution and indemnity against Bingham. Bingham's motion for summary judgment will be denied, as Bingham has not shown it is entitled to dismissal as a matter of law on this issue.

d.  Genuine issues of material fact remain whether Mountain View had notice of its rights under its maintenance contracts with Siemens, so as to have waived a breach of contract claim for excessive energy costs.  Siemens' motion for summary judgment on this issue will therefore be denied.

e.  Genuine issues of material fact remain whether damages from excessive energy use are quantifiable or measurable so as to satisfy requirements for express waiver.  Siemens' summary judgment motion on this issue will also be denied.

f.  Siemens' motions to supplement and Mountain View's motion to strike are moot.

g. Genuine issues of material fact remain whether damages sought by Mountain View against UTM for breach of contract are consequential or direct.  UTM's motion for summary judgment on this issue will be denied.

h. Genuine issues of material fact remain whether Mountain View or Sahara had notice or knowledge of a right they intentionally relinquished, required for laches, or waiver; also, genuine issues of material fact remain whether Mountain View and Sahara are asserting rights inconsistent with prior positions, required for the defense of quasi-estoppel.  Therefore, UTM's motion for summary judgment on these issues will be denied.

7. Genuine issues of material fact remain regarding the nature of defense costs potentially owed to Sahara by Davis.  Davis's motion for summary judgment on this issue will be denied.

8. UTM is entitled to indemnification by Bingham, Siemens, and Diamond, but whether there is anything to be indemnified is an issue to be resolved at trial.  Thus, UTM's motion for summary judgment on this issue will be denied.

9. Genuine issues of material fact remain regarding the validity of Ballard's and Sahara's proposed limitation liability clauses.  Ballard's motion for summary judgment on this issue will be denied.

10. Siemens' Motion Against Mountain View

a. Siemens is not liable to Mountain View regarding items 12-14 in the Townsend Report.  Siemens' motion for summary judgment dismissing Mountain View's breach of contract claims will therefore be granted.

b.   Genuine issues of material fact remain as to which party is liable regarding the smoke evacuation system.  Thus, Siemens' summary judgment motion on this issue will be denied.

c.   Genuine issues of material fact remain whether, and the extent to which, Siemens breached its contractual obligation to comply with specifications concerning supply air temperature.  Siemens' summary judgment motion on this issue will also be denied.

d.   Siemens' motion for summary judgment regarding pre-judgment interest is premature.  Siemens' motion on this issue will be denied without prejudice.

13.   Genuine issues of material fact remain whether soffits were defective, and whether entry walls were to specifications regarding fire rating.  Mountain View's motion for summary judgment on these issues will be denied.

**ORDER**

The Court therefore enters the following order, as described above, and as will be more thoroughly discussed in a Memorandum Decision and Order to follow**.**

**IT IS ORDERED THAT:**

1.   Encompass's Motion for Summary Judgment (Dkt. 159) is GRANTED.  All claims against Encompass are dismissed.

2.   Ballard's Motion for Summary Judgment (Dkt. 162) is DENIED.

3.   Bingham's Motion for Summary Judgment (Dkt. 163) is GRANTED in part, and DENIED in part.

4.     E.K. Bailey's Motion for Summary Judgment (Dkt. 169) is GRANTED in part, and DENIED in part.

5.     Sahara's Motion for Summary Judgment (Dkt. 225) is GRANTED in part, and DENIED in part.

6.     Siemens' Motion for Summary Judgment (Dkt. 257) is GRANTED in part, and DENIED in part.

7.     UTM's Motion for Summary Judgment (Dkt. 292) is GRANTED in part, and DENIED in part.

8.     Davis's Motion for Summary Judgment (Dkt. 297) is DENIED.

9.     Ballard's Motion for Summary Judgment (Dkt. 298) is DENIED.

10.    Mountain View's Motion for Summary Judgment (Dkt. 299) is GRANTED in part, DENIED in part.

11.    Encompass's Motions to Strike (Dkts. 280 and 390) are DENIED as MOOT.

12.    Siemens' Motion to Supplement, (Dkt. 331) is DEEMED MOOT.

13.    Mountain View's Motion to Strike (Dkt. 352) is DENIED as MOOT.

DATED: September 30, 2011

B. Lynn Winmill
Chief Judge
United States District Court