# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOUNTAIN VIEW HOSPITAL, L.L.C., an Idaho limited liability company, | |
| Plaintiff, | Case No. 4:07-cv-464-BLW |
| v. | **ORDER ON MOTION TO COMPEL** |
| SAHARA, INC., a Utah corporation; DAVIS PARTNERSHIP, P.C., a Colorado corporation; JOHN DOES 1-10, | |
| Defendants. | |
| SAHARA, INC., a Utah corporation, | |
| Cross Claim Plaintiff and Counterclaim Defendant, | |
| v. | |
| DAVIS PARTNERSHIP, P.C., a Colorado corporation, | |
| Cross Claim Defendant and Counterclaim Plaintiff. | |
| SAHARA, INC., a Utah corporation, | |
| Third-Party Plaintiff, | |
| v. | |

ORDER ON MOTION TO COMPEL - 1

THE BALLARD GROUP, a Colorado corporation, UNITED TEAM MECHANICAL, LLC, a Utah limited liability company, E.K. BAILEY CONSTRUCTION, INC., a Utah corporation, and ENCOMPASS SERVICES CORPORATION, a Utah corporation,

   Third-Party Defendants.
_____

UNITED TEAM MECHANICAL, LLC, a Utah limited liability company,

   Counterclaim Defendant and
   Third-Party Plaintiff,
 v.

BINGHAM MECHANICAL, INC., an Idaho corporation; DIAMOND TEST & BALANCE, INC., a Utah corporation; and SIEMENS, an Idaho corporation,

   Third-Party Defendants.

Before the Court is Plaintiff Mountain View Hospital's Motion to Compel (Dkt. 419) production of documents. After meeting and conferring, the parties brought to the Court's attention this discovery dispute concerning production of discovery for depositions of Defendants' expert witnesses. The Court conducted two informal telephone conferences with counsel, then permitted Plaintiff to file this Motion on an abbreviated and expedited basis. The matter is now fully briefed and at issue. Having reviewed the parties' submissions and being familiar with the record, the Court will deny the Motion (Dkt. 419), for the reasons stated below.

**DISCUSSION**

Plaintiff seeks an order requiring Defendants' experts to produce documents per Plaintiff's Notices of Deposition Duces Tecum, including draft reports and attorney-client communications. Federal Rule of Civil Procedure 26, as amended December 1, 2010, clarifies a prior ambiguity and provides that draft reports or disclosures, and communications between a party's attorney and a witness, are protected and not discoverable. Fed. R. Civ. P. 26(b)(3), (4). In adopting the recent amendment, the Supreme Court noted that the amended rule shall govern all proceedings commenced after, or pending at the time of its adoption, "insofar as just and practicable." Here, Plaintiff argues that application of the amended rule would be unjust and that the prior rule should govern.

In the Court's second informal telephone conference regarding the parties' present dispute, the Court summarized the issue as follows: unless Plaintiff can show that its experts disclosed draft reports or attorney communications that would not have otherwise been discoverable under the amended rule, then the amended rule will apply, and Plaintiff's motion to compel will be denied. In other words, where Plaintiff is unable to demonstrate that its experts disclosed now-undiscoverable documents, then Plaintiff cannot show prejudice; application of the amended rule would therefore be just and practicable.

Rather than clearly identifying documents produced that would not have been discoverable under the amended rule, Plaintiff argues that it has complied with Defendants' discovery requests without objections or exceptions. *Reply*, Dkt. 430 at 4-6.

Plaintiff's ambiguous and conclusory observations seem to ignore the Court's direction that this must be a focused inquiry on whether Plaintiff was prejudiced by producing documents with evidentiary significance that they would not have been required to produce under the amended rule. With only broad references, rather than directed page citations to its 25 attachments, Plaintiff leaves the Court to comb through the nearly 500 pages of exhibits. Despite the volume of Plaintiff's submissions, Plaintiff does not offer the substance needed to prevail on its motion. The record fails to support that Plaintiff or Plaintiff's experts provided draft reports or attorney communications that would not have been required under the amended rule.

1. **Draft Reports**

The evidence shows that only Plaintiff's experts Michael Locke and Stephan Kemp produced draft reports. Exs. I, J to *Pl. Counsel Dec.*, Dkts. 420-9, 420-10. Plaintiff's experts Mike McDonough and Lenny Van Lambalgen did not provide any reports. *Mem. Mot.*, Dkt. 421 at 7. Plaintiff's expert Brad Townsend provided a report, but apparently no drafts. *Trans. Townsend Dep.* at 21-24 (Ex. N to *Pl. Counsel Dec.*, Dkt. 420-14 at 2). According to Plaintiff, its expert Jon Erdmann disclosed a report identified as "preliminary," but it was the sole report produced by Erdmann. *Mem. Mot.*, Dkt. 421 at 6.

The question is whether the amended Rule 26 would have required disclosure of Locke's and Kemp's draft reports. The evidence before the Court shows that Locke was both an expert and a fact witness who was involved "in technical decisions about remediation and new construction at the hospital." *Resp.*, Dkt. 427 at 13. This is

ORDER ON MOTION TO COMPEL - 4

supported by Locke's testimony at deposition that he was retained "to do commissioning on the new system, on the addition, and to assist with determining existing building problems." *Trans. Locke Dep.* at 537-38 (Ex. I to *Def. Counsel Dec.*, Dkt. 427-2 at 32). Locke's reports are squarely relevant to the work that Plaintiff contracted for in the construction of the hospital. *Id.* Plaintiff does not dispute this. *Reply*, Dkt. 430 at 6. The Court concludes that Plaintiff has failed to show that Locke's draft report[1] would not have been discoverable under the amended Rule 26.

The draft report produced by expert Kemp (Ex. J to *Pl. Counsel Dec.*, Dkt. 420-10) was a review of a report by Locke. *Trans. Kemp Dep.* at 59 (Ex. K to *Def. Counsel Dec.*, Dkt. 427-2 at 42). The final report by Kemp was completed following discussions between Kemp and Locke. *Trans. Kemp Dep.* at 63-74. In light of Locke's involvement in the development of Kemp's report, as well as Locke's role as fact and expert witness for Plaintiff, the Court finds that Plaintiff has failed to show that the amended Rule 26 would not have required disclosure of Kemp's draft report.

2.  **Attorney-Expert Communications**

No attorney communications were disclosed as to Plaintiff's experts Erdmann, Van Lambalgen, or McDonough. *Pl. Mot. Mem.*, Dkt. 421 at 8. Expert Townsend produced one e-mail between himself and counsel, and also a note given to him by counsel. Ex. Q to *Pl. Counsel Dec.*, Dkt. 420-19. These records appear to concern

---

[1] The record shows that Locke produced only one draft report, referred to as a preliminary report, Ex. I to *Pl. Counsel Dec.*, and five reports not identified as drafts.

factual evidence of hospital costs for leases and fixes. *Id.* The Court finds that Plaintiff has failed to show that, under the amended Rule 26, such information would not have been subject to disclosure, or would otherwise have been protected from disclosure, as privileged or work product.

Ultimately, the evidence does not support that Plaintiff produced documents that it would not have produced had the amended Rule 26 been in place. Plaintiff has not shown it would be unjust or impracticable to apply the amended Rule 26. In so finding, the Court emphasizes that the amendment to Rule 26 is a clarification of an ambiguity caused by conflicting interpretations across Circuits. Although this Court had taken the view that disclosure was required, that view was not universally accepted. There is no basis for not applying the amended Rule 26 to the remainder of these proceedings. Accordingly, Plaintiff's Motion to Compel will be denied.

## ORDER

**IT IS ORDERED THAT** Plaintiff's Motion to Compel (Dkt. 419) is **DENIED.**

DATED: December 16, 2011

B. Lynn Winmill
Chief Judge
United States District Court