UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOUNTAIN VIEW HOSPITAL, L.L.C., an Idaho limited liability company, | |
| Plaintiff, | Case No. 4:07-cv-00464-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| SAHARA, INC., a Utah corporation; DAVIS PARTNERSHIP, P.C., a Colorado corporation; JOHN DOES 1-10, | |
| Defendants. | |
| ─────────────────────────────── | |
| SAHARA, INC., a Utah corporation, | |
| Cross Claim Plaintiff and Counterclaim Defendant, | |
| v. | |
| DAVIS PARTNERSHIP, P.C., a Colorado corporation, | |
| Cross Claim Defendant and Counterclaim Plaintiff. | |
| ─────────────────────────────── | |
| SAHARA, INC., a Utah corporation, | |
| Third-Party Plaintiff, | |
| v. | |

THE BALLARD GROUP, a Colorado corporation, UNITED TEAM MECHANICAL, LLC, a Utah limited liability company, E.K. BAILEY CONSTRUCTION, INC., a Utah corporation, and ENCOMPASS SERVICES CORPORATION, a Utah corporation,

        Third-Party Defendants.
_____

UNITED TEAM MECHANICAL, LLC, a Utah limited liability company,

        Counterclaim Defendant and
        Third-Party Plaintiff,

    v.

BINGHAM MECHANICAL, INC., an Idaho corporation; DIAMOND TEST & BALANCE, INC., a Utah corporation; and SIEMENS, an Idaho corporation,

        Third-Party Defendants.

      Before the Court is the motion for Rule 54(b) certification filed by Defendant Encompass Services Corporation (Dkt. 400). For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

      Encompass brings its motion for entry of judgment under Rule 54(b). When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

direction for the entry of judgment." Fed. R. Civ. Pro. 54(b). The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

All claims against Encompass have been finally and completely resolved. On September 30, 2011, the Court granted Encompass' Motion for Summary Judgment, stating, in part, that "Sahara was not a known creditor, thus notice of Encompass's bankruptcy to Sahara by publication was sufficient, and Sahara's claims against Encompass were discharged in bankruptcy." *Memorandum Decision and Order*, filed Sept. 30, 2011 at 5, Dkt. 398. By dismissing all claims against Encompass, the Court has rendered a final disposition of all claims against it.

The Court must next determine whether "there is any just reason for delay." *Wood*, 422 F.3d at 878. This determination involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. *Id.*

The interest of "sound judicial administration" primarily requires that the ultimate decision "preserves the historic federal policy against piecemeal appeals." *Id.* A Rule 54(b) request should not be granted when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." *Id.* at 883. This Court must be careful to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 879. Important factors include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated

MEMORANDUM DECISION AND ORDER - 3

claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id.*

Here, everyone agrees that the bankruptcy issue is unique to Encompass, but Encompass also raised common defenses. Encompass argued that both Saraha's contract and tort claims against it were barred by the statute of limitations. The Court agreed and dismissed the contract claims and tort claims based on the statute of limitations. Other parties, including Bingham, UTM, E.K. Bailey, and Siemens, also raised a statute of limitations defense on their contract and tort claims. Because the facts and issues presented by these common defenses overlap and will likely lead to successive appeals, the interests of judicial administration counsel against certifying the claims against Encompass.

Encompass responds that the facts each of the parties relied on to support their statute of limitations defense "were either undisputed or unique to Encompass." Specifically, Encompass states that Sahara did not dispute either the accrual date or the filing date, and therefore "it is difficult to imagine a basis upon which Sahara could appeal this decision" that the contract claims and tort claims were barred. *Encompass Resp.* at 6, Dkt. 413. Yet, simply because Encompass cannot imagine a basis for Sahara to appeal the Court's decision regarding Encompass's statute of limitations defense does not mean that Sahara will not find one. Thus, entry of judgment in favor of Encompass could result in piecemeal appeals of related issues.

While the Court is not unsympathetic to Encompass's request, there exists "a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 42 (9th Cir.1988) (citations omitted). "[E]ntry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Thus, while the decision to grant Rule 54(b) certification is a matter of the court's discretion, the Ninth Circuit has advised that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

This case is not one of those unusual cases that warrant an immediate Rule 54(b) entry of judgment. As noted above, granting immediate judgment presents a danger of piecemeal appeals. Moreover, trial is set only a few short months away, on May 3, 2012, and will conclude at the beginning of June. Judgment will be entered soon after the verdict is rendered, which will trigger the time for filing post-trial motions, and Encompass can then file its motion for fees and costs. Fed.R.Civ.P. 58. Contrary to Encompass's fears, it will not have to wait a year after the conclusion of trial to seek attorney fees and costs.

If there is a mistrial or need to vacate and reschedule the trial date, as Encompass hypothesizes, the Court may reconsider this decision if and when those circumstances

arise. Until then, the Court finds that motion for entry of final judgment under Rule 54(b) should be denied.

## ORDER

**IT IS ORDERED** that the Motion for Rule 54(b) Certification (Dkt. 400) is DENIED.

DATED: February 7, 2012

B. Lynn Winmill
Chief Judge
United States District Court