**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MOUNTAIN VIEW HOSPITAL, L.L.C., an Idaho limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>SAHARA, INC., a Utah corporation; DAVIS PARTNERSHIP, P.C., a Colorado corporation; JOHN DOES 1-10,<br><br>      Defendants.<br>_____<br><br>SAHARA, INC., a Utah corporation,<br><br>      Cross Claim Plaintiff and<br>      Counterclaim Defendant,<br>  v.<br><br>DAVIS PARTNERSHIP, P.C., a Colorado corporation,<br><br>      Cross Claim Defendant and<br>      Counterclaim Plaintiff.<br>_____<br><br>SAHARA, INC., a Utah corporation,<br><br>      Third-Party Plaintiff,<br>  v. | Case No. 4:07-cv-464-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

THE BALLARD GROUP, a Colorado
corporation, UNITED TEAM
MECHANICAL, LLC, a Utah limited
liability company, E.K. BAILEY
CONSTRUCTION, INC., a Utah corporation,
and ENCOMPASS SERVICES
CORPORATION, a Utah corporation,

       Third-Party Defendants.
_____

UNITED TEAM MECHANICAL, LLC, a
Utah limited liability company,

       Counterclaim Defendant and
       Third-Party Plaintiff,

v.

BINGHAM MECHANICAL, INC., an Idaho
corporation; DIAMOND TEST &
BALANCE, INC., a Utah corporation; and
SIEMENS, an Idaho corporation,

       Third-Party Defendants.

## INTRODUCTION

Before the Court are the following motions: Defendant Sahara's Motion for Clarification (Dkt. 405), Defendant Siemens' Motion for Clarification and Reconsideration (Dkt. 408), Plaintiff Mountain View Hospital's Cross-Motion for Clarification and Reconsideration (Dkt. 434), and Third-Party Defendant Ballard's Motion for Clarification (Dkt. 426). These Motions concern the Court's Order on Summary Judgment Motions (Dkt. 398) and Memorandum Decision and Order (Dkt. 402). The Motions are ripe and at issue. The Court conducted an informal telephone

status conference with counsel on 1/18/12, at counsel's request. However, the Court did not hear oral argument on the record, finding that a hearing would not significantly assist the decisional process. Being familiar with the record and having considered the parties' pleadings, the Court now enters the following order.

## BACKGROUND

Financing and construction of a specialty surgical hospital in Idaho Falls, Idaho, began in 1999. That hospital, later named Mountain View Hospital, received its Certificate of Occupancy on January 15, 2003. However, problems with the humidification system and insulation, among other concerns, led to this law suit involving the project's general contractor, and various sub- and sub-subcontractors. The parties are as follows:

    Plaintiff: **Mountain View Hospital**

    Defendant: **Sahara** – design-build general contractor

    Defendant: **Davis** – architect per subcontract with Sahara

    Cross-Claimant: **Encompass** – mechanical systems installer per subcontract with Sahara

    Defendant: **Siemens** – building controls installer per sub-subcontract with Encompass

    Third-Party Plaintiff: **United Team Mechanical (UTM)** – HVAC installer per sub-subcontract with Encompass; UTM later assumed Encompass's subcontract

    Third-Party Defendant: **Bingham** – plumbing installer (medical gas piping and wet side plumbing) per sub-subcontract with Encompass

    Third-Party Defendant: **E.K. Bailey** – framing, insulation, and drywall installer, per subcontract with Sahara

MEMORANDUM DECISION AND ORDER - 3

Third-Party Defendant: **Ballard** – mechanical engineer, per subcontract with Sahara

Each party filed a motion for summary judgment or partial summary judgment. The Court ruled on each motion in an Order dated September 30, 2011. That Order was followed by a Memorandum Decision entered on October 17, 2011. Sahara, Siemens, Ballard, and Mountain View each seek clarification and / or reconsideration of the Court's Decision and Order. Encompass also seeks entry of judgment.

## LEGAL STANDARD

To the extent that the parties move for reconsideration, the Court applies the following legal standard. A motion to reconsider an interlocutory ruling requires analysis of two important principles: (1) that error must be corrected; and (2) that judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in

MEMORANDUM DECISION AND ORDER - 4

controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).

Where the parties have identified a ruling by the Court that is ambiguous, contradictory, or otherwise uncertain, so as to impede forward progress in the case, clarification is warranted and will be provided.

## DISCUSSION

1.  **Sahara's Motion**

    Sahara seeks clarification on the issues of indemnification, attorney fees, and reconsideration of the Court's discharge of Sahara's claims against Encompass and UTM.

    A.  **Indemnification**

    Sahara asks the Court to recognize that its indemnification rights are contractual and have not yet accrued, so that the Court's decision that Sahara's contract claims are time-barred should not apply to an indemnification claim that is based on contract. *Sahara Mot. to Clarify*, Dkt. 406 at 5. Sahara points out that its contracts with sub-subcontractors contain indemnification language that mirrors language in Encompass's subcontract with UTM. Sahara reasons that, because the Court found that Encompass has a valid contractual indemnity claim against UTM, it should – for consistency – find that Sahara has a contractual indemnity claim against its subcontractors.

    Had Sahara pleaded a claim for contractual indemnity, the Court would conclude, as it did for Encompass's contractual indemnity claim against UTM (*Encompass Cr. Clm.*, Dkt. 153 at 8), that such claim survives summary judgment. The Court agrees with Sahara that a contractual claim for indemnity does not accrue until a judgment is entered;

MEMORANDUM DECISION AND ORDER - 5

absent judgment – as in this case thus far – the statute of limitations will not bar a contractual indemnity claim. But the Court agrees with E.K. Bailey that Sahara "makes no mention whatsoever of the right to contractual indemnity" in its third-party complaint. *E.K. Bailey Resp.*, Dkt. 415 at 2. Sahara's third-party complaint clearly claims breach of contract without mention of indemnity, and equally clearly claims indemnity with no mention of contract. *Sahara Am. Third-Party Compl.*, Dkt. 103 at 5, 7-8. Thus it would appear that Sahara wishes to clarify its third-party complaint through an amendment to the Court's order.

The Court is loath to permit Sahara to accomplish this backdoor amendment to its third-party complaint. However, the Court also recognizes that language in its order, cited by Sahara, provides that "*Encompass must indemnify Sahara* for performance by Bingham, Siemens, or Diamond, both *under its subcontract with Sahara*, and because Sahara has no contractual relationship with those three entities." *Mem. Dec. & Ord.*, Dkt. 402 at 44 (emphasis added). This introductory remark was intended as background, rather than a finding; the Court went on to address the issue as framed by the moving parties (Encompass, E.K. Bailey, and UTM) – whether Sahara is precluded from pursuing equitable relief for indemnity claims. *Id.* at 44. No party discussed whether Sahara's claim for indemnity was contractual.

Because the Court's remark arguably implies that Sahara pleaded a contractual indemnity claim, the Court clarifies that Sahara failed to properly plead such a claim. Sahara's request that the Court recognize its indemnity claims as contractual will therefore be denied. However, Sahara's claims for equitable indemnity remain.

MEMORANDUM DECISION AND ORDER - 6

### B. Attorney Fees on Sahara's Indemnity Claims

Sahara notes that the Court found, under Idaho law, that attorney fees are not recoverable for defending against an indemnity action. *See Mem. Dec. & Ord.*, Dkt. 402 at 57, citing *Borchard v. Wefco, Inc.*, 733 P.2d 776, 779 (Idaho 1987)(an indemnitee "must bear its own costs of defending itself against claims which allege that it was at fault, even if the trier-of-fact absolves the [indemnitee] of liability"). Sahara asks the Court to find that attorney fees are available, arguing that the Idaho rule applies only to common law indemnity claims, rather than contractual indemnity claims.

The Idaho courts, cited in the Memorandum Decision and Order, addressed recovery of attorney fees for defending against indemnity actions, rather than pursuing indemnity actions against third parties. Sahara did not raise, and this Court did not address, whether Sahara would be precluded from or entitled to attorney fees were it to prevail on its indemnity claims – whether contractual or at common law. Accordingly, there is no basis on which to clarify the Court's decision. Sahara's motion on this issue will be denied.

### C. Discharge of Sahara's Claims

Sahara asks the Court to reconsider or clarify its dismissal of Sahara's claims against Encompass. Sahara argues that discharge of a defendant's claims in bankruptcy does not remove a plaintiff's ability to recover judgment from the discharged defendant's liability insurance company. Accordingly, Sahara asks the Court for a finding that Sahara may pursue recovery from Encompass's liability insurance companies.

Encompass counters that its insurance carrier is not named as a party in this case, nor is its insurance carrier's potential liability at issue in this litigation. The Court agrees. Whether Sahara is able to recover from liability insurance companies is not and was not before this Court. If and when Sahara brings an action against Encompass's insurance company, the issue will be for that court to decide. Sahara's motion to reconsider or clarify on the issue is therefore denied.

2. **Motions By Siemens and Mountain View**

    A. **Clarification Regarding Items 12-14**

Siemens subcontracted with UTM and Encompass to install HVAC controls for the Mountain View project, according to specifications prepared by Ballard. The controls installed by Siemens are addressed as Items 12-14 in a report – prepared by Mountain View's accounting expert, Brad Townsend – identifying the costs of all systems (installation and construction) for the Mountain View project. In moving for clarification, Siemens notes that the Court granted Siemens' motion for summary judgment regarding Items 12-14, but in the context of Siemens' non-liability to Mountain View for breach of contract. *Mem. Dec. & Ord.* at 60. Mountain View's claim as to Items 12-14 is against *Sahara*, with potential indemnity liability against Siemens. Thus, Siemens' motion regarding Items 12-14 is against Encompass and UTM for their indemnity claims against Siemens on the issue.

The Court agrees that clarification is needed and thus clarifies that summary judgment is granted to Siemens regarding Encompass's and UTM's indemnification claims against Siemens for Items 12-14. Encompass and UTM filed no opposition here.

MEMORANDUM DECISION AND ORDER - 8

The basis for the Court's ruling is its finding, consistent with the Memorandum Decision and Order, that there is no disputed issue of fact as to whether Siemens complied with the Ballard specifications. *Mem. Dec. & Ord.* at 63 (reconsidering initial conclusion in *Order*, Dkt. 398). Absent non-compliance with the specifications by Siemens, there can be no breach by Encompass or UTM, and thus no indemnity owed to Encompass or UTM by Siemens. In so finding, the Court rejects Mountain View's argument that the issue is not ripe. Were there any uncertainty as to Encompass's or UTM's liability, the Court would agree that a ruling on indemnity owed by Siemens is premature. Absent such uncertainty, the Court grants summary judgment to Siemens on indemnity claims by Encompass and UTM regarding Items 12-14.

Mountain View requests clarification that no party moved for summary judgment as to Mountain View's claims against Sahara regarding Items 12-14. The Court agrees and concludes that Mountain View's claim as to Items 12-14 survives as against Sahara. Obviously, the dearth of evidence on this issue will be re-evaluated when the Court takes up Rule 50 motions at the close of Mountain View's case-in-chief.

### B. UTM's Claim for Indemnification

Siemens correctly notes that UTM filed a motion for summary judgment on the issue of indemnity owed by Siemens, Bingham, and Diamond to UTM, but later withdrew the motion as to Siemens only. *See* Dkts. 292, 361. In its Memorandum Decision and Order, the Court found that "UTM is entitled to indemnification by Bingham, Siemens and Diamond." *Mem. Dec. & Ord.*, at 71. Per Siemens' request, the

Court now clarifies that UTM is not entitled to summary judgment on an indemnification claim against Siemens because that motion was withdrawn.

   C.   **Excess Energy Costs Claim Against Siemens**

Siemens seeks clarification of the Court's ruling regarding Mountain View's excess energy cost claims – Item 7 from the Townsend Report – against Siemens. Siemens protests that, although the Court agreed with Siemens' argument for summary judgment against Mountain View, the Court found a separate basis to support the excess energy costs claim that was not raised by any of the parties. On this independent basis, the Court concluded that Mountain View's claim survives summary judgment. To be consistent, Siemens suggests, the Court should reconsider and clarify that Siemens is entitled to summary judgment as to Item 7.

To the extent that Siemens argues the Court's decision was clear error or manifestly unjust, so as to warrant reconsideration, the Court disagrees. The court's role on summary judgment is to dispose of factually insufficient claims, on motion of one or more parties, before trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Where the parties fail to identify a valid ground for summary judgment, the court will not dismiss on that basis without notice to the parties and the opportunity to respond. But where dismissal is not appropriate because a triable issue of fact exists, the court will deny summary judgment, regardless of whether the issue was identified by the parties or at the Court's initiative. The Court here carefully considered and discussed the language – and reasonable interpretations – of the maintenance agreement, and found that disputed issues

of fact remain regarding the parties' intent.  The Court finds no error or manifest injustice in its ruling, nor has Siemens demonstrated any.

Alternatively, Siemens asks the Court to reconsider its decision based on four other grounds, identified in its prior briefing, but not previously addressed by the Court.  These four other bases for summary judgment on Item 7 are that:  (1) damages calculations by Mountain View's expert do not show the amount of energy that Mountain View would allegedly have used had Siemens complied; (2) Mountain View's experts' calculations are wrong because they are based on undisputedly incorrect data; (3) Mountain View modified or over-rode the supply air temperature program, eliminating any causation attributable to Siemens; and (4) Mountain View has provided no basis to interpret the maintenance agreements as guaranteeing energy efficiency.

These arguments also fail to satisfy the elements required for reconsideration.  That is, Siemens has not presented newly discovered evidence, has not identified clear error or manifest injustice, nor shown an intervening change in controlling law.  *Platforms Wireless Int'l Corp.*, 617 F.3d at 1100.  However, the Court acknowledges that it provided cursory, if any, analysis of the four grounds now re-iterated by Siemens.  Thus, the Court now addresses those arguments.

As to the first two grounds, challenging Mountain View's energy costs calculations, the Court finds that triable issues of fact remain regarding the calculations' validity and accuracy.  Regarding the third ground, arguing that Mountain View staff overrode Siemens' supply air temperature program, there is still a factual question as to the degree of fault attributable to Siemens.  Siemens' final argument – the parties'

MEMORANDUM DECISION AND ORDER - 11

treatment of the maintenance agreement over the relevant seven year period – again fails to sufficiently eliminate all factual issues for trial.  The Court will therefore deny Siemens' motion to reconsider on this issue.

In its response, Mountain View notes that the Court's ruling on Siemens' motion has no bearing on Mountain View's excess energy claim against Sahara.  The Court agrees and finds that Mountain View's excess energy claim against Sahara survives.

### D. Breach of Maintenance Agreement As To Supply Air Temperature Program

Mountain View seeks reconsideration of the Court's grant of summary judgment, dismissing Mountain View's breach of contract claim regarding a supply air temperature program.  According to Mountain View, the Court confused Mountain View's excess energy claim –which derives from Siemens' installation contract with UTM and Encompass – with its supply air temperature claim – which it argues derives from its maintenance agreement with Siemens.  Mountain View therefore acknowledges that its supply air temperature claim is based in contract; as such, it is limited to what Siemens agreed to perform under the contract.  The claim may include the supply temperature reset program, but only so long as it was part and parcel of the maintenance agreement, and was not based solely on a failure to comply with specifications.

There was no direct claim at issue in the parties' motions for summary judgment, concerning plans and specifications.  Thus the Court's decision did not address such claim, and there is no need to clarify or reconsider the decision on the issue.

Mountain View has consistently argued that Siemens was obligated, under the maintenance agreement, to "detect and alert [Mountain View] of the serious deficiencies with the control temperature reset program." *Mountain View Br.*, Dkt. 455 at 10. But, equally consistently, Mountain View has failed to support its conclusory argument with evidence in the record. Absent evidence of a contractual obligation, and breach of that obligation, Mountain View's contractual claim fails. Mountain View's motion to reconsider or clarify on this issue will therefore be denied.

3. **Ballard's Motion**

Ballard argues, correctly, that to the extent that Sahara prevailed on summary judgment, Ballard must prevail on Sahara's corresponding indemnification claim. Thus, because Mountain View's tort claims against Sahara were dismissed, Sahara's indemnity claims against Ballard are also dismissed.

Ballard raises a number of other arguments that were not before the Court on motions for summary judgment, and are therefore beyond the scope of a request to clarify or reconsider the Court's decision. Ballard previously filed two dispositive motions. Although Ballard is not asking the Court to review new documents, Ballard's motion is plainly a third attempt at summary judgment on issues that could have been timely raised, but were not. The Court rejects Ballard's circumvention of the Court's efforts to manage this already procedurally and logistically complicated matter, whether intentional or not. Thus, the remaining issues identified in Ballard's motion to clarify will be denied.

Nonetheless, to the extent that it addresses Ballard's concerns, the Court clarifies that – as discussed in the Memorandum Decision and Order – Sahara's claims against

MEMORANDUM DECISION AND ORDER - 13

Ballard are for indemnity; indemnification claims do not accrue until the underlying liability is determined. The Court has made no legal determinations as to the liability of the parties pursuing indemnity claims against Ballard. Thus all remaining indemnity claims against Ballard survive.

## ORDER

**IT IS ORDERED THAT:**

1. Sahara's Motion for Clarification or Reconsideration (Dkt. 405) is DENIED. Sahara's request that the Court recognize its indemnity claims as contractual is denied. Sahara's request to clarify whether attorney fees are available on its indemnity claims is denied. And Sahara's request that the Court find that it may pursue recovery from Encompass's liability insurance companies is also denied.

2. Siemens' Motion for Clarification or Reconsideration (Dkt. 408) is GRANTED in part, and DENIED in part. Siemens' motion regarding Items 12-14 is granted; the Court clarifies that summary judgment is granted to Siemens for indemnity claims against Siemens by UTM and Encompass, concerning Items 12-14. In so finding, the Court rejects Mountain View's cross-motion for clarification on this issue.

Regarding UTM's indemnity claim against it, Siemens' motion is granted; UTM is not entitled to summary judgment against Siemens on that claim.

Siemens' request to reconsider its ruling on Mountain View's excess energy claims is denied.

3. Mountain View's Cross-Motion for Clarification or Reconsideration (Dkt. 434) is DENIED in part, and GRANTED in part. As to Items 12-14, Mountain View's

cross-motion against Siemens is denied. As to the continuing viability of Mountain View's claims against Sahara regarding Items 12-14, Mountain View's motion is granted. Also as requested, the Court clarifies that Mountain View's excess energy claim against Sahara survives.

Regarding the supply air temperature claim, Mountain View's motion to reconsider is denied.

4. Ballard's Motion for Clarification or Reconsideration (Dkt. 426) is GRANTED in part, and DENIED in part. On the issue of Sahara's indemnity claims against Ballard, the motion is granted; the Court clarifies that those claims are dismissed for the reasons stated above. As to remaining issues identified in Ballard's motion, the motion is denied.

DATED: February 7, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court